## JOHN J. MARVIN *vs.* PATRICK RAIGAN.

It is no objection to a deposition that the bill of items of the plaintiff's account annexed thereto, and sworn to by the deponent, is in the handwriting of the plaintiff's attorney; nor that such bill is described in the deposition as "marked A," when it is not so marked; there being no other account an-nexed.

THE only question argued in this case was the admissibility of a deposition, admitted by *Byington*, J., at the trial in the court of common pleas, June term, 1853, to which decision, the verdict being for the plaintiff, the defendant excepted. The facts appear in the opinion.

*P. L. Page*, for the defendant, cited Rev. Sts. *c.* 94, § 22; *Bradstreet* v. *Baldwin*, 11 Mass. 233.

*T. A. Gold*, for the plaintiff.

By the Court.   This was an action of assumpsit on book-account.   The plaintiff, to prove the items, took the deposition of his book-keeper in Albany, N. Y., and a bill of items was annexed to the deposition.   This was objected to by the defendant, on the ground that it was not in the hand-writing of the magistrate, or deponent, or of any disinterested person, but, as it was alleged, in the handwriting of the plaintiff's attorney.   It was held by the court of common pleas, that this objection could not be sustained.   In this opinion we concur.   No rule of law requires that exhibits and documents, annexed to a deposition, should be in the handwriting of the magistrate, or of some person appointed by him.   In the present case, the schedule of items annexed, derived its authority solely from the testimony of the deponent, that it was a true copy of the plaintiff's book, and this authenticity would not be impaired by the fact, that it was transcribed by the plaintiff's attorney or by the plaintiff himself.

In the deposition, the schedule was described as a " bill of items marked A. and annexed," but the schedule annexed did not bear the mark A.   But the paper was annexed to the deposition and sealed up by the magistrate, and transmitted under his seal to the court ; and though the paper does not correspond with the description, in every particular, it corresponds sufficiently to identify it, and proves that it was the copy testified of by the deponent, and this was all that was necessary.                                        *Exceptions overruled.*